## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jill Marie Krystofinski aka Jill M. Krystofinski<br>Debtor(s) | CHAPTER 13 |
| ~~Toyota~~ Motor Credit Corporation<br>Movant<br>vs. | NO. 16-18534 JKF |
| Jill Marie Krystofinski aka Jill M. Krystofinski<br>Debtor(s) | |
| Frederick L. Reigle Esq.<br>Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. At the time the underlying Motion for Relief from the Automatic Stay was filed on April 5, 2018, the post-petition arrearage on the loan held by the Movant on the Debtor's vehicle was **$2,589.84**, which breaks down as follows;

Post-Petition Payments:     December 2017 through March 2018 at $647.46/month
**Total Post-Petition Arrears     $2,589.84**

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). By May 25, 2018, Debtor shall bring the loan current, including the April monthly payment.

    b). Maintenance of current monthly loan payments to the Movant thereafter beginning on May 26, 2018, with the due date of the payments being the 26th of each month.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 18, 2018        By: /s/ Rebecca A. Solarz
                            Rebecca A. Solarz, Esq.
                            Attorney for Movant

Date: 5/29/18

Date: 5-2-18               Polly A. Langsdon for Mestro
                            
                            Thomas L. Lightner, Esq.
                            Attorney for Debtor(s)

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

                            _____
                            Bankruptcy Judge
                            Jean K. FitzSimon