United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-18534-jkf
Jill Marie Krystofinski                                                 Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Linda         Page 1 of 1           Date Rcvd: Jun 06, 2018
                       Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 08, 2018.
db            #+Jill Marie Krystofinski,    5281 Downs Run,    Pipersville, PA 18947-1137

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 08, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 6, 2018 at the address(es) listed below:
      AMANDA LAUREN KURECIAN    on behalf of Debtor Jill Marie Krystofinski tlightner@lightnerlaw.com, r50447@notify.bestcase.com
      FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
      FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
      JILL MANUEL-COUGHLIN    on behalf of Creditor   Wells Fargo Bank, N.A. jill@pkallc.com, chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com;mary.raynor-paul@pkallc.com
      KEVIN G. MCDONALD    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
      MARIO J. HANYON    on behalf of Creditor   Wells Fargo Bank, N.A. paeb@fedphe.com
      POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
      REBECCA ANN SOLARZ    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
      THOMAS L. LIGHTNER    on behalf of Debtor Jill Marie Krystofinski tlightner@lightnerlaw.com, sbennett@lightnerlaw.com;lightnertr50447@notify.bestcase.com
      THOMAS YOUNG.HAE SONG    on behalf of Creditor   Wells Fargo Bank, N.A. paeb@fedphe.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                 TOTAL: 11

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jill Marie Krystofinski aka Jill M. Krystofinski<br>Debtor(s) | CHAPTER 13 |
| ~~Toyota~~ Motor Credit Corporation<br>Movant<br>vs. | NO. 16-18534 JKF |
| Jill Marie Krystofinski aka Jill M. Krystofinski<br>Debtor(s) | |
| Frederick L. Reigle Esq.<br>Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. At the time the underlying Motion for Relief from the Automatic Stay was filed on April 5, 2018, the post-petition arrearage on the loan held by the Movant on the Debtor's vehicle was $2,589.84, which breaks down as follows;

Post-Petition Payments:         December 2017 through March 2018 at $647.46/month
**Total Post-Petition Arrears**     **$2,589.84**

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). By May 25, 2018, Debtor shall bring the loan current, including the April monthly payment.

    b). Maintenance of current monthly loan payments to the Movant thereafter beginning on May 26, 2018, with the due date of the payments being the 26th of each month.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 18, 2018                By: /s/ Rebecca A. Solarz
                                    Rebecca A. Solarz, Esq.
                                    Attorney for Movant

5/29/18

Date: 5-2-18
                                    Thomas L. Lightner, Esq.
                                    Attorney for Debtor(s)

Approved by the Court this 5th day of June, 2018. However, the court retains discretion regarding entry of any further order.

                                    Bankruptcy Judge
                                    Jean K. FitzSimon